**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ADRIANA MONDRAGON LUNA, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  SA-26-CA-02891-XR |
| | § | |
| TODD M. LYONS, ACTING DIRECTOR | § | |
| OF IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, MIGUEL VERGARA, | § | |
| FIELD OFFICE DIRECTOR OF | § | |
| ENFORCEMENT AND REMOVAL | § | |
| OPERATIONS, SECRETARY OF DHS | § | |
| MARKWAYNE MULLIN, SECRETARY | § | |
| OF U.S. DEPARTMENT OF HOMELAND | § | |
| SECURITY, TODD BLANCHE-ACTING | § | |
| U.S. ATTORNEY GENERAL, | § | |
| PEARSALL TX EOIR, DILLEY | § | |
| DETENTION CENTER WARDEN, | § | |
| *Respondents* | § | |

**ORDER FOR SERVICE**

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1).

It is **ORDERED** that notice of electronic filing of the Petition (ECF No. 1) and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5, and on all Respondents unless otherwise contested.[2]

Petitioner in this case is a minor. If the Petition is granted, the Court must ensure that Petitioner is released to a responsible party. To that end, Petitioner is **ORDERED** to provide the following information about the person to whom they would be released:

---

[1] The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[2] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

1. Name;
2. Date of birth;
3. Address;
4. Phone number;
5. Relationship to Petitioner;
6. Immigration status; and
7. Any criminal history of the person and of anyone else in the person's household.

If the person to whom Petitioner would be released is not their parent or legal guardian, Petitioner is **ORDERED** to explain why they cannot be released to a parent or legal guardian.

Petitioner is **FURTHER ORDERED** to state whether they are detained with family members or a legal guardian and, if so, (1) identify the case numbers of any such family members' pending habeas petitions and (2) indicate whether Petitioner's parent/legal guardian consents to the proposed placement.

It is **FURTHER ORDERED** that Respondents shall file a response to the Petition **within seven (7) days** of the date of service. The response must identify:

(1)    Petitioner's alleged country of birth;[3]

(2)    Petitioner's alleged date of entry and statutory basis for removability;

(3)    Petitioner's previous immigration detention history, if any;[4] and

(4)    Petitioner's alleged immigration status.[5]

Additionally, because this case appears to turn on whether Petitioner's detention without a bond hearing violates the due process rights afforded to noncitizens who have established a substantial presence in the United States, **Respondents must consider the Court's prior orders addressing this question**[6] **and note any material factual differences** between those cases and this one. If Respondents so choose, in lieu of a full response, they may instead file a response indicating that there are no material factual differences here and preserving all legal arguments made by the Federal Respondents in those cases.

It is **FURTHER ORDERED** that, if Petitioner elects to file a reply, Petitioner may do so no later than seven days after the Respondents file their answers/responses.

---

[3] This information is required to ensure that Petitioner can be located in the Online Detainee Locator System.

[4] *E.g.*, whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior.

[5] *E.g.*, whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture or is subject to a final removal order.

[6] *E.g.*, *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026).

It is so **ORDERED**.

**SIGNED** this May 5, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE